# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SOYOUNG YUN JULIANO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| ) | NO. _____ |
| v. ) | |
| ) | |
| CITY OF ATLANTA, GEORGIA ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

## COMPLAINT

Plaintiff Soyoung Yun Juliano ("Plaintiff" or "Ms. Juliano") respectfully submits the following Complaint against Defendant City of Atlanta, Georgia ("Defendant" or the "City of Atlanta"), showing the Court as follows:

## INTRODUCTION

1. Ms. Juliano, a Korean-American woman, brings this lawsuit to hold the City of Atlanta accountable for gender, race, and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964 and race discrimination in violation of 42 U.S.C. § 1981.

2. Ms. Juliano was employed by the City of Atlanta as a dedicated public servant with an excellent performance record. In spite of Ms. Juliano's dedication and good performance record, when a new Chief Judge of the City of Atlanta

1

Municipal Court was appointed in June 2024 and decided to replace the City of Atlanta's administrative leaders with Black men, Ms. Juliano became a target.

3. On August 5, 2024, Ms. Juliano was abruptly terminated without cause or warning and humiliated as she was escorted out of the office. Ms. Juliano was told the City of Atlanta was "moving in a new direction" and replaced her with a Black male who was paid approximately $20,000 more than Ms. Juliano.

4. Ms. Juliano brings this action under Title VII because the City of Atlanta discriminated against her based on her gender, race, and/or national origin. Ms. Juliano also brings a claim under 42 U.S.C. § 1981 through 42 U.S.C. § 1983, because the City of Atlanta discriminated against her based on her race.

## PARTIES

5. Plaintiff Soyoung Yun Juliano is a resident of Fulton County, Georgia and submits herself to the jurisdiction of this Court.

6. The City of Atlanta Municipal Court is operated by the City of Atlanta, a municipal corporation doing business in the State of Georgia and is, therefore, subject to personal jurisdiction in Georgia. The City of Atlanta may be served with process by serving the Mayor at the Office of the Mayor, Executive Offices, 55 Trinity Avenue, Atlanta, Georgia 30303.

## JURISDICTION AND VENUE

7. This action arises under federal statutes, Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e-et seq.) and 42 U.S.C. § 1981, actionable under 42 U.S.C. § 1983. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331.

8. Venue is proper in the Northern District of Georgia, Atlanta Division under 28 U.S.C. § 1391 because Defendant conducts business in this judicial district and division and the unlawful actions and practices giving rise of Ms. Juliano's claims occurred in this judicial district and division.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. All conditions precedent to jurisdiction under Title VII have occurred or have been met.

10. Ms. Juliano filed a charge of discrimination with the Equal Employment Opportunity Commission on November 25, 2024, within 180 days of the termination of her employment with Defendant.

11. On August 6, 2025, the EEOC issued a Notice of Right to Sue from the EEOC relating to her charge of discrimination, charge number 410-2025-02397.

12. Ms. Juliano brings this suit within ninety (90) days of the receipt of her Notice of Right to Sue.

## **STATEMENT OF FACTS**

13. Ms. Juliano is woman.

14. Ms. Juliano is of Korean descent and identifies as Asian.

15. Ms. Juliano was hired by Defendant in 2019 and promoted several times during her employment with the City of Atlanta.

16. In April 2021, Ms. Juliano applied for and was selected for promotion to the position of Deputy Chief Court Administrator with the City of Atlanta.

17. In or around April 2021, DeAndre Moore, a Black male, also applied for the Deputy Chief Court Administrator position with the City of Atlanta, but was not selected.

18. Ms. Juliano received positive performance evaluations and feedback in her role as Deputy Chief Court Administrator and was never subject to any disciplinary proceedings.

19. In June 2024, Judge Christopher Ward, a Black male, became the new Chief Judge of the City of Atlanta Municipal Court.

20. Shortly after he became Chief Judge, Judge Ward held a meeting attended by several female members of the City of Atlanta Municipal Court's leadership team, including Ms. Juliano. During the meeting, Judge Ward shared a story about a man with a wife who knew how to make biscuits, but the wife did not

like making biscuits and did not want to, so the man replaced her with a second wife who knew how to make biscuits and liked to make them.

21. A few weeks after this meeting, on August 5, 2024, Ms. Juliano's employment was abruptly terminated.

22. On August 5, 2024, Ms. Juliano was told by her supervisor, the Court Administrator, that she had been instructed to terminate Ms. Juliano.

23. Shortly thereafter, Ms. Juliano met with the Court Administrator and a human resources manager; during the meeting Ms. Juliano was told that her employment was terminated.

24. During the termination meeting, the human resources manager told Ms. Juliano that Judge Ward wanted to make some changes and "was moving in a new direction."

25. No performance related issues were discussed during the termination meeting.

26. Ms. Juliano was replaced by DeAndre Moore, a Black male, who had been hired to replace Ms. Juliano before she was terminated.

27. DeAndre Moore received a salary approximately $20,000 higher than what Ms. Juliano received in the same Deputy Chief Court Administrator position.

28. Defendant failed to post the Deputy Chief Court Administrator position that DeAndre Moore was hired into and failed to follow Defendant's standard hiring procedure.

29. Because of the City of Atlanta's unlawful discriminatory actions and practices, Ms. Juliano has suffered and continues to suffer emotional and financial damages.

## COUNT I
## Gender Discrimination in Violation of Title VII

30. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

31. Ms. Juliano is an "employee" as defined by Title VII, 42 § U.S.C. § 2000e et seq.

32. Defendant is an "employer" as defined by Title VII, 42 U.S.C. § 2000e et seq.

33. Defendant discriminated against Ms. Juliano because of her gender by terminating her employment and replacing her with a male.

34. Ms. Juliano's gender was, at a minimum, a motivating factor in Defendant's decision to terminate her employment.

35. Defendant's stated reason for terminating Ms. Juliano's employment is pretext for gender discrimination.

36. Defendant's discriminatory treatment of Ms. Juliano violates Title VII and entitles Ms. Juliano to all appropriate relief provided under the statute.

37. Defendant's actions were willful, deliberate, and intended to cause Ms. Juliano harm, and/or were committed with reckless disregard of the harm caused to Ms. Juliano and were in derogation of her federally protected rights.

38. As a result of Defendant's conduct, Ms. Juliano has suffered damages including lost wages and benefits and has suffered mental and garden-variety emotional distress.

39. Ms. Juliano was damaged by Defendant's actions in an amount to be proven at trial.

## COUNT II
### National Origin Discrimination in Violation of Title VII

40. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

41. Ms. Juliano is an "employee" as defined by Title VII, 42 § U.S.C. § 2000e et seq.

42. Defendant is an "employer" as defined by Title VII, 42 U.S.C. § 2000e et seq.

43. Defendant discriminated against Ms. Juliano because of her national origin as a person of Korean descent by terminating her employment and replacing her with a Black male of American national origin.

7

44. Ms. Juliano's national origin was, at a minimum, a motivating factor in Defendant's decision to terminate her employment.

45. Defendant's stated reason for terminating Ms. Juliano's employment is pretext for national origin discrimination.

46. Defendant's discriminatory treatment of Ms. Juliano violates Title VII and entitles Ms. Juliano to all appropriate relief provided under the statute.

47. Defendant's actions were willful, deliberate, and intended to cause Ms. Juliano harm, and/or were committed with reckless disregard of the harm caused to Ms. Juliano and were in derogation of her federally protected rights.

48. As a result of Defendant's conduct, Ms. Juliano has suffered damages including lost wages and benefits and has suffered mental and garden-variety emotional distress.

49. Ms. Juliano was damaged by Defendant's actions in an amount to be proven at trial.

### COUNT III
### Race Discrimination in Violation of Title VII

50. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

51. Ms. Juliano is an "employee" as defined by Title VII, 42 § U.S.C. § 2000e et seq.

52. Defendant is an "employer" as defined by Title VII, 42 U.S.C. § 2000e et seq.

53. Defendant discriminated against Ms. Juliano because of her race (Asian) by terminating her employment and replacing her with a Black male.

54. Ms. Juliano's race was, at a minimum, a motivating factor in Defendant's decision to terminate her employment.

55. Defendant's stated reason for terminating Ms. Juliano's employment is pretext for race discrimination.

56. Defendant's discriminatory treatment of Ms. Juliano violates Title VII and entitles Ms. Juliano to all appropriate relief provided under the statute.

57. Defendant's actions were willful, deliberate, and intended to cause Ms. Juliano harm, and/or were committed with reckless disregard of the harm caused to Ms. Juliano and were in derogation of her federally protected rights.

58. As a result of Defendant's conduct, Ms. Juliano has suffered damages including lost wages and benefits and has suffered mental and garden-variety emotional distress.

## COUNT IV
## RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

59. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

60. Ms. Juliano's 42 U.S.C. § 1981 claim against the City of Atlanta is actionable under 42 U.S.C. § 1983.

61. Chief Judge Christopher Ward, at all times material to this Complaint, was the highest Department official with authority to hire, fire, transfer, demote, promote, discipline, and take personnel actions affecting employees of the City of Atlanta Municipal Court, including Ms. Juliano.

62. Chief Judge Christopher Ward's decision to terminate Ms. Juliano's employment was not subject to, and did not require, higher review or approval.

63. Defendant's stated reason for replacing Ms. Juliano with a Black employee is pretext for racial discrimination.

64. Defendants willfully and wantonly disregarded Ms. Juliano rights under Section 1981 and acted in reckless disregard for her rights under Section 1981.

65. Defendant's discriminatory actions against Plaintiff were taken in bad faith.

66. As a result of Defendant's discriminatory treatment, Ms. Juliano has suffered lost compensation and other benefits of employment, garden-variety emotional distress, inconvenience, loss of income, humiliation, and other indignities.

67. Pursuant to Section 1981, Ms. Juliano is entitled to damages including, back pay and lost benefits, front pay, compensatory damages, attorneys' fees and

costs of litigation pursuant to 42 U.S.C. § 1988, and all other relief recoverable under Section 1981.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully invokes the powers of this Court and prays for the following:

(a) Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated Ms. Juliano's rights as secured under Title VII and Section 1981;

(b) Grant to Ms. Juliano judgment in her favor and against Defendant under all counts of this Complaint;

(c) Order Defendant to make Ms. Juliano whole by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation salary, performance incentives, deferred compensation, and other job related benefits, including social security, life insurance, health care insurance, denied or lost as a result of Defendant's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(d) Order that Ms. Juliano be awarded front pay or that Defendant reinstate her;

(e) Order Defendant to compensate Ms. Juliano for mental and garden-variety emotional damages suffered as a result of Defendant's unlawful and discriminatory acts;

(f) Grant to Ms. Juliano a jury trial on all issues so triable;

(g) Grant to Ms. Juliano her reasonable attorney's fees and reasonable expert witness fees together with any and all other costs associated with this action; and

(h) Grant such additional monetary and equitable relief as the Court deems equitable, proper and just.

Respectfully submitted this 29th day of September, 2025.

                            LEGARE, ATTWOOD & RAGAN, LLC

                            *s/ Eleanor Mixon Attwood*
                            Georgia Bar No. 514014
                            emattwood@law-llc.com
                            Meeta Dama
                            Georgia Bar No. 398137
                            mdama@law-llc.com

Decatur Town Center Two
125 Clairemont Ave, Ste. 515
Decatur, Georgia 30030
Telephone: (470) 823-4000
Facsimile: (470) 201-1212